

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES of AMERICA ex rel. )
LEROY SMYTHE, )
)
      Petitioner, )
)
v. )  No. 05 C 3235
)  Paul E. Plunkett, Senior Judge
DONALD HULICK, )
)
      Respondent. )

## MEMORANDUM OPINION AND ORDER

Leroy Smythe has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied and this case is dismissed with prejudice.

## Background

After a bench trial, Smythe was convicted of three counts of first degree murder and one count of aggravated vehicular hijacking. He was sentenced to a term of fifty-eight (58) years in prison on the three counts of first-degree murder and to a concurrent term of thirty (30) years in prison for aggravated hijacking. *(See* Resp.'s Resp. at 2; Gov't Ex. C, *People v. Leroy Smythe*, No. 1-99-3479, Dec. 7, 2001). He appealed to the Appellate Court of Illinois, First District, contending: (1) the state failed to prove that he was accountable for the crimes; (2) the trial court erred in allowing testimony of gang crimes expert to establish motive; (3) the trial court erred in not allowing

petitioner's compulsion defense; and (4) his sentence was excessive. On December 7, 2001, the Illinois Appellate Court affirmed the trial court's decision. (*Id.*)

Smythe then filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court claiming that the appellate court improperly applied the principles of *People v. Washington* in assessing his intent. On April 3, 2002, the Illinois Supreme Court denied Smythe's petition. (*See* Ex. E, April, 4 2002 Order of the Ill. Supreme Court, No. 93044.) Smythe filed a post conviction petition alleging ineffective assistance of counsel and illegal arrest. On December 2, 2002, the Circuit Court of Cook County dismissed the petition. Smythe again appealed raising two issues: (1) his co-defendant's newly discovered affidavit absolving Smythe from culpability presented a "gist of due process" claim; and (2) Smythe counsels were ineffective in both his trial and appellate proceedings because both argued the compulsion defense. (*See* Pet.'s Post Conviction Brief No. 1-03-0241, Ex. F at 16,18) (contending that both counsel were ineffective because they offered a compulsion defense, and compulsion is not a defense that is available in a murder charge; and that appellate counsel was ineffective because he refused to include the ineffective assistance of counsel claim in Smythe's appeal, thereby precluding him from asserting it later.)

On May 28, 2004, the Illinois Appellate Court affirmed the circuit court's judgment, finding that as to the gist claim, relief may only be granted where newly discovered evidence shows a convicted individual is actually innocent and where the new evidence would likely have altered the trial court's decision. (*Id.* 3.) The appellate court reasoned that because the newly discovered affidavit offered by Smythe was cumulative and contradictory of Smythe's own statement, even if it had been available previously, the outcome of the circuit court's decision would not have been different. (*Id.*)

As to the ineffective assistance of counsel claim, the appellate court found that Smythe did not show that his counsel's representation fell below the objective standard of reasonableness or that counsel's alleged failures could have prejudiced him. The Illinois Appellate Court explained that although compulsion is not a defense for murder, it is for felony murder and thus the trial counsel properly raised compulsion as a defense to the felony murder charge. Furthermore, the appellate court believed that appellate counsel's refusal to raise the ineffective assistance argument earlier was not erroneous. Rather, the appellate court stated that appellate counsel saw that it was a viable defense for felony murder and could continue to be a defense if the state lost the appeal as to the murder and knowing charges. (*Id.* at 4). Smythe then filed a PLA in which he claimed the appellate court did not properly apply Illinois law when reviewing his "gist" claim. On October 6, 2004, the Illinois Supreme Court denied the PLA. Smythe did not seek leave to appeal to the United States Supreme Court. On May 31, 2005, Smythe filed this petition for writ of habeas corpus.

### Discussion

In this section 2254 petition, Smythe raises three claims: (1) the trial counsel was ineffective because he withheld evidence and did not seek to sever the issues for trial; (2) the state failed to prove that he was guilty beyond a reasonable doubt because there was insufficient evidence the defendant had the requisite intent for murder; and (3) trial counsel was ineffective because she improperly asserted a compulsion defense and appellate counsel was ineffective because he relied on the compulsion defense and refused to raise the ineffective assistance of counsel issue in petitioner's post-conviction pleadings.

**Claims I and III**

We can reach the merits of these claims only if Smythe "raised all of [them] during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). "A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Id.* (internal quotation marks and citation omitted). A petitioner presents his claims fairly if he gives the state courts "a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* at 916. Both the operative facts and the "controlling legal principles" must be submitted to the state court. *Id.* at 917 (internal quotation marks and citation omitted). Smythe will have properly presented his claims if he: (1) relied on federal cases employing a constitutional analysis or state cases applying a constitutional analysis to a similar factual situation; (2) asserted the claim in terms that evoke a specific constitutional right; or (3) alleged a fact pattern that is "well within the mainstream of constitutional litigation." *Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th Cir. 1992) at 1473-74 (internal quotation marks and citation omitted). However, satisfying any of these elements does not automatically mean that the claims have been adequately presented to the state court. *Id.* For example, if a petitioner does not raise his claims in a petition for a discretionary appeals to the state supreme court, he has not fully presented his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Furthermore, for state remedies to have been exhausted, the claim raised in the habeas petition should be phrased as it was during the state appellate process. *Chamber v. McCaughtry*, 264 F. 3d 732, 738 (7th Cir. 2001).

Also, ". . . a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2254. If the claim is not affirmatively based on such constitutional grounds it will be considered to be non-cognizable in federal court. Merely referencing a constitutional issue in passing will not deem an issue as having been fairly presented. *Fortini v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001). If the presentation requirement is not fulfilled, the claims are considered to be procedurally defaulted and if they are grounded solely on state law they are considered non-cognizable. *See Verdin*, 972 F.2d at 1472-73, 1476. Procedurally defaulted and non-cognizable claims are precluded from federal review. *Id.*

Respondent asserts that claims one and three have been procedurally defaulted. In claim I, Petitioner states that he received ineffective assistance of counsel when counsel failed to offer evidence that would show petitioner's innocence. (Pet. Petition for Writ at 2.) Smythe contends that his trial counsel improperly withheld the gas station video surveillance tape and the confession of co-defendant, Adell Jones, both of which showed that Smythe was not the perpetrator, but a victim. (*Id.*) Further, Smythe contends that his trial counsel was ineffective because his trial was not severed from co-defendant's. Petitioner claims that but for these errors the outcome of his trial would have been different.

This ineffective assistance of counsel claim was raised only in the post-conviction petition and in his appeal of the denial of his petition for post-conviction relief. Smythe did not raise it in direct appeal or in his PLA. When he did raise the ineffective issue in the previous pleadings, it was not for the reasons that he now asserts in claim I.

As stated, if a petitioner does not raise his claims in a petition for a discretionary appeal to the state supreme court, he has not fully presented his claims. Further, for state remedies to have been exhausted, the claim raised in the habeas petition should not only be raised in the state appellate process, but it must also be phrased as it was during that exercise. *Chamber,* 264 F. 3d at 738. Petitioner did not fully raise this ineffective assistance arguments in the state proceedings. Smythe did not allege, as he does here, that trial counsel withheld important evidence or that trial counsel failed to seek severance. He did not raise the issue in his direct appeal, or in his PLA. He raises this ineffective assistance argument for the first time in his post-conviction petition and for reasons different from those asserted in the instant matter. Thus, the ineffective assistance claims of withholding evidence and failing to sever the trial were not fully and fairly present to the state court. Petitioner has procedurally defaulted on his first claim.

Claim III suffers the same fate. In his state appeal, Smythe argues that trial counsel was ineffective because she improperly asserted a compulsion defense and appellate counsel was ineffective because he furthered the compulsion defense and refused to raise the ineffective assistance of counsel issue in petitioner's post-conviction PLA. For support, Petitioner offers a letter from the assistant appellate defender stating that as a part of his strategic planning for a favorable outcome on appeal, he would not suggest raising the ineffective assistance of trial counsel. (Stapleton Letter, June 17, 2004.) (stating the Illinois Supreme Court would not likely review the ineffective assistance claims, but they may very well be intrigued to review the claims asserting that the appellate court used the wrong legal standard to affirm the dismissal of Petitioner's post-conviction petition.) Though Petitioner offers this letter to show he was interested in pursuing an

ineffective assistance claim in his PLA, the issue was never raised in the PLA. Thus, here too, Petitioner did not fully present this issue to the state court and it is procedurally barred.

However, despite these problems, we can still reach the merits of the claims if Petitioner can show: (1) cause for and actual prejudice arising from failing to raise the claim as required; or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "Cause" is "'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (citing *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Absent such a showing, a defaulted claim is then reviewable only if the violation would result in a "fundamental miscarriage of justice." *Rodriquez*, 193 F.3d at 917. A fundamental miscarriage of justice is found only in the rarest of cases in which the petitioner is imprisoned for a crime of which he is actually innocent. *Gomez v. Jaimet*, 350 F.3d 673, 680 (7th Cir. 2003)(citing *Schlup v. Delo*, 513 U.S. 298 (1995)). To establish such innocence, the petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*

As to Claim I, Smythe does not assert that there was cause for his failure to present the ineffective assistance claims based on counsels withholding of evidence and failure to sever the trials. He claims this for the first time in his habeas petition, stating that because of this, he was prejudiced. We disagree. In his *pro se* motions for post-conviction relief and appeals, Smythe had the opportunity to raise these issues on his own and failed to do so. Smythe has not presented an objective factor that proves he was unable to present his issues in state court. Therefore, he has not established cause to allow us to reach the merits.

In Claim III, Smythe states that he asked his appellate counsel to raise the ineffective assistance argument on appeal to the Illinois Supreme Court, but his counsel failed to do so. This, petitioner believes, presents cause to show why he did not earlier present his claims. Accordingly, Smythe states that this claim was not fully presented, and as a result of not receiving proper representation, he was prejudiced, he suffered a miscarriage of justice, and was denied due process. Petitioner states that there was a fundamental miscarriage of justice because had the trial and appellate counsel not raised the compulsion defense, they could have raised a more appropriate defense to exonerate him. Further, Petitioner generally states that not raising the ineffectiveness claim against trial counsel resulted in a fundamental miscarriage of justice.

We disagree. Although Smythe has perhaps explained why he did not raise the ineffective assistance claim in his PLA, his assertion that there was a miscarriage of justice is not persuasive. As discussed, a fundamental miscarriage of justice applies only in "extraordinary cases, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray*, 477 U.S. at 496 (1986). Smythe does not now present new evidence to establish his innocence. Even if trial and appellate counsel did not present a compulsion defense or had included the ineffective assistance argument in the PLA, the state still presented its case and the Illinois court found that, beyond a reasonable doubt, Petitioner was involved in the murder and hijacking for which he was charged. Smythe's case does not fall within the narrow exception articulated in *Murray*. There is no showing that despite the default, Petitioner's claim should be reviewed due to prejudice or a miscarriage of justice. Therefore, Claims I and III are procedurally defaulted and will not be considered.

## Claim II

In Claim II, the government concedes that Petitioner has fully presented and exhausted his state remedies as required by 28 U.S.C. Section 2254(b). In this claim, Smythe states that there was insufficient evidence in the record for the trial court to reach its conclusions. Because this claim has been fairly presented, we must review the merits to determine its viability. That review is controlled by section 2254, which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by . . . a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by the State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Section 2254(d)(1) applies to questions of law and requires federal courts "to give state courts' opinions a respectful reading, and to listen carefully to their conclusions, but when the state court addresses a legal question, it is the law 'as determined by the Supreme Court of the United States' that prevails." *Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir. 1996)(quoting section 2254(d)(1)), *rev'd on other grounds*, 521 U.S. 320 (1997). At the same time, section 2254(d) applies to mixed questions of law and fact. *Id.* at 870. That section "restricts the grant of collateral relief to cases in which the state's decision reflects 'an unreasonable application of' the law" to the facts. *Id.* (quoting section 2254(d)(1)). Moreover, section 2254(e)(1) applies only to factual

determinations, which are presumed correct unless rebutted by the petitioner with clear and convincing evidence. Also, convictions are reversed only when the record provides absolutely no evidence upon which a "[trier of fact] could find guilt beyond a reasonable doubt." *U.S. v. Copus*, 93 F.3d 269, 271 (7th Cir. 1996) (quoting *U.S. v. Johnson*, 26 F.3d 669, 684 (7th Cir. 1994). Further, state court decisions should be given the "benefit of the doubt" which tells us that we must defer to the state court findings to the greatest extent possible, and even if we disagree with them, as long as a state court has not unreasonably applied the law, its judgement will stand. *Woodward v. Visciotto*, 537 U.S. 19, 24-25 (2002). In a federal habeas petition, the appropriate question for a court reviewing a sufficiency of the evidence claim is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lemons v. O'Sullivan*, 54 F.3d 357, 364 (7th Cir. 1995) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In Claim II, Petitioner states that because there is no evidence in the record that establishes Smythe's culpable intent, the state court failed to prove beyond a reasonable doubt that Petitioner shared the requisite intent for murder and hijacking with his co-defendant. This is a mixed question of law and fact. *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir.1997), *vacated on other grounds*, 522 U.S. 801 (1997). We must determine whether the court correctly assessed the facts and applied the law in light of the standard set forth in *Jackson v. Virginia*: whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Then we must look to "whether the state court provided fair process and engaged in reasoned, good-faith decision making when applying *Jackson's* 'no rational trier of fact' test." *Gomez*, 106 F.3d 192 at 198. Thus,

Smythe is entitled to habeas relief only if the state court's determination was an unreasonable application of federal law to the presumptively correct facts found by the court.

Petitioner now claims that he was not an accomplice, but was forced into the van by his armed and enraged co-defendant. Smythe argues that even if an individual is at the scene of the crime, he should not be held accountable for a crime of his companion if there is no evidence to show that he knew of his companion's criminal scheme. (Pet.'s Pet. for Writ at 3) (citing *People v Estrada*, 243 Ill. App. 3d. 177, 185 (1993); *People v Taylor*, 219 Ill. App. 3d. 47, 49 (1991)). Furthermore, as newly discovered evidence, Petitioner offers Jones' October 31, 2001 affidavit, in which Jones states that he acted completely alone. Smythe relies on an Illinois Supreme Court decision stating that when evidence supporting a claim of innocence based on newly discovered evidence is found, the petitioner is entitled to review. *People v. Washington*, 171 Ill. 2d. 475, 489 (1996); *People v. Perez*, 189 Ill. 2d 254, 266 (2000). In light of this, Smythe believes that he was denied due process. Smythe avers that the state failed to prove his guilt beyond a reasonable doubt and because of the appellate court's misapplication of the law, he was unconstitutionally convicted and his judgement should be reversed.

Respondent argues that Smythe's culpability is evident because he failed to disassociate himself from Jones. Respondent states that because Smythe willingly accompanied Jones to his home after the crimes were committed and denied having knowledge of the crimes when questioned by the police, he was accountable. Respondent also asserts that the State's application of the law to the facts was not unreasonable and Petitioner is not entitled to habeas relief.

In the Illinois Appellate Court's December 7, 2001 ruling, the court reviewed Petitioner's accountability claim and determined that the trial court had not erred. The appellate court examined

the trial court's findings in light of the relevant evidence. The court believed that because Smythe entered the van after Jones shoved Thoma into the van and shot her in the mouth and also because Smythe later stepped out of the van, waited for Jones to finish a conversation, observed Jones shoot Thoma three more times, and then returned to the van he is accountable. The court stated that the circumstances surrounding Smythe's actions strongly suggest that he willingly entered the van. The court referred to Smythe's own testimony where he stated that he did have an opportunity to distance himself before, during, and after the crimes, but he chose not to. The evidence showed that after the murder and hijacking, Smythe accompanied his co-defendant to his home and never reported the crimes. Then, when taken into police custody, Smythe denied having any knowledge about the crimes. The appellate court also found no evidence that Smythe was compelled to assist Jones. (Mem. Op. & Ord., Dec. 7, 2001 at 10-11.)

Although, Smythe admits remaining in the company of Jones and concedes he was not forthright in his knowledge of the crimes, he contends that because the crimes had already been committed and because he refused to harbor the murder weapon, he should be viewed as an unwilling participant and not guilty. We disagree. The appellate court rejected Petitioner's contention that he was compelled to accompany Jones because he presented no evidence to support this notion. Furthermore, his written statement never implied that he was forced at gunpoint or by fear to enter the van, nor did he ever declare that he was threatened or afraid at the time the crimes were being committed. Moreover, the appellate court found that despite his alleged fear during co-defendant's outrage, Petitioner never took an affirmative step, as would an innocent party, to distance himself from the perpetrator and crimes, report the crimes, or admit to having any knowledge of the

crimes after the incidents. Petitioner must have attempted to disassociate or report the crime to absolve himself. Petitioner had ample opportunity to do so and did not.

The trier of fact is to "fairly . . . resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The weight of the testimony, evidence and credibility of witnesses are determinations to be made by the trier of fact and utilizing the test articulated in *Jackson*, we believe that it was not unreasonable to conclude from the evidence that Smythe was not compelled to act, but rather was a willing participant in the hijacking and an accomplice to the murder of Lynn Thoma. 720 ILCS 5/9-1(a)(defining first degree murder in Illinois as "killing an individual without lawful justification" and in doing so "(1)either intend[ing] to kill or do great bodily harm . . . , know[ing] that such acts will cause death . . . ; (2) know[ing] such acts create a strong probability of death or great bodily harm . . . ; or (3) attempt[ing] or committ[ing] a forcible felony other than second degree murder.) Moreover, it was not unreasonable that a rational trier of fact would conclude that Smythe's silence and failure to disassociate himself with the crimes indicate that he was not a victim, but an aggressor. Thus, viewing the evidence in light most favorable to the prosecution, the trier of fact could reasonably determine that Petitioner aided and abetted Jones in the commission of murder and aggravated hijacking.

Next, Petitioner asks this Court to review a matter that was addressed in the appellate court's denial of his post-conviction petition. In that appeal, Smythe claimed that Jones' October 2001affadavit was newly discovered evidence that proves his innocence. Illinois law tells us that when newly discovered evidence becomes available, review is appropriate, but only when the supporting evidence is "new, material, noncumulative and, most importantly, 'of such conclusive

character that it will probably change the result on retrial.'" *Washington*, 171 Ill. 2d. at 489 (quoting *Molstad*, 101 Ill. 2d 128, 134 (1984). In its May 28, 2004 order, the appellate court properly gave deference to the trial court's conclusion that the affidavit was not compelling. The court examined Smythe's claim under the *Washington* standard and found the affidavit was in part cumulative and more importantly contradictory of Smythe's trial testimony as well as contradictory of Smythe's own statement and testimony. Furthermore, the court noted that recantation evidence is generally unreliable and has not been found to be the kind of evidence that has moved courts to change the result of a trial. (Mem. Op. & Ord., May 28, 2004 at 3.) The appellate court concluded that even if the affidavit had been available, a rational trier of fact could have reached the same conclusion. (*Id.*)

Factual issues determined by a state court are presumed to be correct unless Smythe rebuts the presumption by clear and convincing evidence. Smythe has not done so nor do we believe could he. Therefore, viewing the presumptively accurate evidence in the light most favorable to the prosecution, the trial court did not err in convicting Smythe of first degree murder and aggravated vehicular hijacking. Because the state court reasonably applied the proper legal standard to the facts of this case, Smythe's conviction is supported by legally sufficient evidence.

Smythe has failed to show that a rational trier of fact erred in finding, beyond a reasonable doubt, that Smythe intended to accompany Jones in the aggravated vehicular hijacking and did nothing to disassociate himself after the knowing, intentional, and felony murder of Lynn Thoma. Thus, Smythe's claim II must also fail. Smythe provides us no basis for habeas relief and thus, his petition for relief is denied.

## Conclusion

For the reasons set forth above, Smythe's petition for a writ of habeas corpus is denied and this case is dismissed with prejudice. This is a final and appealable order.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: APR 27 2006